PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RANDALL A. CARLETTI, | ) | |
| | ) | CASE NO. 4:16cv1971 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KARA WELLS, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

*Pro se* Plaintiff Randall A. Carletti brings this action for replevin, conversion, and fraud

against Defendants Kara Wells, Troy Wells, and Lonetree Towing.  ECF No. 2.

The allegations set forth in the Amended Complaint are difficult to decipher, but Plaintiff

indicates Defendants have custody of his tractor trailer in Nebraska and will not release it until he

pays storage fees.  *Id.* at PageID #: 18–19.  A July 1, 2016 letter attached to the Amended

Complaint shows Plaintiff made an offer of settlement to retrieve the trailer.  *Id.* at PageID #: 23.

He asserts Defendants have committed criminal offenses in connection with this matter.  *Id.* at

PageID #: 19.

Principles requiring generous construction of *pro se* pleadings are not without limits.

*Pilgrim v. Littlefield*, 92 F.3d 413, 417 (6th Cir. 1996).  A complaint must contain either direct or

inferential allegations respecting all the material elements of some viable legal theory to satisfy

federal notice pleading requirements.  *See* *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d

434, 436–37 (6th Cir. 1988).  District courts are not required to conjure up questions never

squarely presented to them or to construct full blown claims from sentence fragments.  *Martin v.*

(4:16cv1971)

*Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citing *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would "require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett*, 775 F.2d at 1278.

Even construing the Amended Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim, or even that there is a valid basis for this Court's jurisdiction. This case is therefore appropriately subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that unsubstantial claims cannot be the basis of federal question jurisdiction).

Accordingly, this action is dismissed.

IT IS SO ORDERED.

  September 30, 2016                         /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                           United States District Judge

2